UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANELL JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-183** |
| **S.W. "SANDY"McCAIN, WARDEN** | **SECTION "R"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the submissions to date, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

I.      FACTUAL BACKGROUND

The petitioner, Ranell Joseph, is a convicted inmate currently incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana.[2] On October 17, 2014, Joseph was charged in seven-count bill of information in Jefferson Parish with attempted first degree

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 4 at p. 1.

robbery, attempted simple robbery, attempted armed robbery, two counts of armed robbery and two counts of first degree robbery.[3] The Louisiana Fifth Circuit Court of Appeal summarized the proceedings in the case before the trial court as follows:

> On June 23, 2015, [Joseph's] trial commenced with jury selection; however, the next day, before opening statements, defendant withdrew his pleas of not guilty and pled guilty to all charges. That same day, the trial judge sentenced defendant to twenty years at hard labor on count one, three and one-half years on count two, and twenty-five years at hard labor without the benefit of probation, parole, or suspension of sentence . . . . The trial judge further ordered all of defendant's sentences to run concurrently.

State v. Joseph, 205 So.3d 1013, 1017-18 (La. App. 5th Cir. 2016); State Record Volume 4 of 4, Louisiana Fifth Circuit Court of Appeal Opinion, No. 2016-KA-191, December 7, 2016.

In the state trial court during October 2015, Joseph first filed an application for post-conviction relief, followed by a pro se motion to withdraw his guilty plea, both of which were denied.[4] On December 23, 2015, Joseph filed another application for post-conviction relief in which he sought an out-of-time appeal, which was granted on January 13, 2016.[5]

On the permitted direct out-of-time appeal, Joseph's appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that, after a thorough review of the trial court record, she could find <u>no</u> non-frivolous claims to assert on appeal.[6] In addition, however, in connection with his direct appeal, Joseph filed a pro se supplemental brief in which

---

[3] St. Rec. Vol. 1 of 4 (Bill of Information).

[4] St. Rec. Vol. 3 of 4 at p. 106 (Application for Post-Conviction Relief).

[5] St. Rec. Vol. 3 of 4 at p. 126 (Uniform Application for Post-Conviction Relief).

[6] St. Rec. Vol. 4 of 4 (Motion to Withdraw as Counsel for Appellant and Appellant's Original Brief Filed Pursuant to Anders).

he asserted the following eight claims: (1) The trial court failed to inform him that he could withdraw his guilty plea. (2) The trial court failed to provide Joseph with a full and fair trial. (3) His counsel was ineffective (a) at trial because he failed to conduct a reasonable investigation and call material witnesses at trial, and (b) on appeal in stating that no arguable appellate claim existed. (4), (5) and (6). He was charged by the district attorney under an invalid or non-existent statute with a crime that does not exist within the state criminal code. (7) He requested an "errors patent" review. (8) The trial court lacked jurisdiction to impose a sentence for a crime that does not exist.[7]

      On December 7, 2016, the appellate court rejected all of Joseph's pro se claims, and affirmed Joseph's conviction and on all counts, but remanded the case to the trial court for re-sentencing on the Count Two attempted first degree robbery charge. The appeal court also independently reviewed the record in light of counsel's Anders certification and found "no constitutional infirmity in defendant's guilty plea," concluding that Joseph established during a colloquy with the trial judge that he "was aware of the charges against him," was advised of all of his rights, signed a waiver of rights form and affirming the trial court's finding that his guilty pleas were "knowingly, intelligently and voluntarily made." State v. Joseph, 205 So.3d at 1020. The appellate court also found that his sentences were imposed "in accordance with the terms of the plea agreement" and "fall within the sentencing ranges prescribed by the various statutes." Id.

---

[7] St. Rec. Vol. 4 of 4 (Joseph's Pro Se Supplemental Brief).

On December 19, 2016, Joseph timely filed a petition for a writ of certiorari and review in the Louisiana Supreme Court in which he asserted the following five claims: (1) He was charged under an invalid and non-existent statute. (2) The statute under which he was charged does not enumerate a crime. (3) His Double Jeopardy rights were violated when he was charged under two statutes for the same act or offense. (4) The trial court lacked jurisdiction to impose a sentence for attempting a crime that does not exist. (5) The trial court unconstitutionally and improperly convicted and sentenced him for an attempted act which is not designated as a crime under Louisiana law.[8] On November 17, 2017, the Louisiana Supreme Court summarily denied Joseph's application for the writ without reasons. State v. Joseph, Case No. 2017–KO–0299, 230 So.3d 216 (La. Nov. 17, 2017).[9]

Joseph's conviction and sentence became final ninety (90) days later, on February 15, 2018, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1); Burton v. Stewart, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

---

[8] St. Rec. Vol. 4 of 4 (Petition for Writ of Certiorari and Review).

[9] St. Rec. Vol. 4 of 4 (Application for Writ of Certiorari and/or Review Denied).

The state court record contains no further submissions by Joseph in the state courts, and his petition identifies none. Instead, Joseph proceeded directly to this court following the decision of the Louisiana Supreme Court.

II.     FEDERAL HABEAS PETITION

After submission on January 5, 2018 of a petition that Joseph signed on December 31, 2017, and that was rejected as deficient in form,[10] the clerk of this court formally filed on February 5, 2018, Joseph's petition for federal habeas corpus relief in which he asserts the following grounds for relief:[11] (1) The state trial court failed to advise him that he had a right to withdraw his guilty plea if the court did not follow the sentencing recommendation in his plea agreement or if the factual circumstances rendered the guilty plea unconstitutional. (2) He received ineffective assistance of counsel because his counsel failed to investigate or interview witnesses and induced him to plead guilty and accept an excessive sentence. (3) His guilty plea was not knowingly, voluntarily and intelligently made and his appellate counsel was ineffective in failing to assert that claim and others, including the trial court's failure to advise him that he could withdraw his guilty plea, on appeal.[12]

The State filed a response in opposition to Joseph's petition, arguing exclusively that Joseph failed properly to exhaust his claims in the state courts because none of the claims

---

[10]Record Doc. Nos. 1 and 2; Record Doc. No. 1 at p. 8.

[11]Rec. Doc. No. 4.

[12]Record Doc. No. 4 at p. 12.

asserted in his federal petition were ever presented to the Louisiana Supreme Court.[13] Joseph then filed a traverse to the State's response in which he does not suggest that he properly exhausted his claims in the state courts. Instead, he asserts that he did the "best he could under the circumstances of his limited education and legal knowledge" and that this court should apply to his pleadings a standard "less stringent tha[n] if Petitioner's federal habeas corpus [petition] was drafted by counsel."[14]

### III.  GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[15] and applies to habeas petitions filed well after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Joseph's petition, which is deemed filed in this court on December 31, 2017.[16]

---

[13] Rec. Doc. No. 10 at pp. 5-7.

[14] Record Doc. No. 11 at pp. 2-3.

[15] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[16] The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Joseph's petition was filed by the clerk of this court on February 5, 2018. However, Joseph's signature on the originally submitted but deemed deficient petition is dated December 31, 2017. This is the earliest date appearing in the record on which Joseph could have presented the pleadings to prison officials for mailing to the court.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has asserted failure to exhaust state court remedies as a basis for this court to dismiss Joseph's petition. The record clearly establishes that Joseph has never presented any of the claims he asserts in this court in the Louisiana Supreme Court, which has been provided with no opportunity to review these claims. Accordingly, Joseph's petition should be dismissed without prejudice for that reason.

## IV.    EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Nobles, 127 F.3d at 420) (emphasis added). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust his claims in state court, Joseph must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and must give the Louisiana Supreme Court an opportunity to address those claims. The record reflects that he has not done so.

Through his pro se submission and the independent review conducted by the Louisiana Court of Appeal for the Fifth Circuit in light of his appellate counsel's Anders certification, all three of the claims presented to this court were addressed in connection with Joseph's direct appeal of his conviction and sentence at the intermediate appellate level in the state courts. The

record is clear, however, that none of those claims were presented to the Louisiana Supreme Court when Joseph subsequently pursued his petition for a writ of certiorari and review in the Louisiana Supreme Court. The five claims presented by Joseph to the Louisiana Supreme Court were: (1) He was charged under an invalid and non-existent statute. (2) The statute under which he was charged does not enumerate a crime. (3) His Double Jeopardy rights were violated when he was charged under two statutes for the same act or offense. (4) The trial court lacked jurisdiction to impose a sentence for attempting a crime that does not exist. (5) The trial court unconstitutionally and improperly convicted and sentenced him for an attempted act which is not designated as a crime under Louisiana law. Even construing these claims and arguments as broadly as possible, it is impossible reasonably to conclude that Joseph provided the Louisiana Supreme Court with an opportunity to address the substantial equivalent of the claims he now seeks to litigate in this court.

The record discloses no good cause for Raymond's failure to exhaust these claims, and this court can find none. Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to require Raymond to exhaust available state court remedies through the Louisiana Supreme Court as to the claims he asserts in this court. 28 U.S.C. § 2254(b)(1)(A).

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Joseph's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[17]

New Orleans, Louisiana, this ___18th___ day of May, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[17]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.